UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGELESTE PAULINE SAUNDERS,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO; *et al.*,

    Defendants.
_____/

No. C-12-2851 EMC (pr)

**ORDER OF SERVICE**

## I. INTRODUCTION

Angeleste Pauline Saunders, an inmate at the San Francisco County Jail # 2, filed a *pro se* civil rights action under 42 U.S.C. § 1983. Her complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Saunders alleges in her complaint that, on March 11, 2012, deputy T. Martin demanded that she clean another inmate's "bloody bed-roll without gloves." Docket # 1, p. 3. Sanders alleges that she was handcuffed and dragged toward the center of the unit after she refused to do the cleaning. Saunders alleges that she tripped and dropped to one knee. Deputy Martin allegedly grabbed Saunders' arm tighter but could not lift Saunders. Deputy Martin allegedly then grabbed Saunders' hair and punched her three times. Sergeant Ebeling allegedly was standing less than five feet away during the incident. The complaint has no allegations against any other Defendant. Saunders is an inmate at the San Francisco County Jail, although she does not state in her complaint whether she was a pretrial detainee or a convict on the date of the incident of which she complains.

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). The Eighth Amendment's prohibition of cruel and unusual punishments protects a convict from force used maliciously and sadistically for the very purpose of causing harm. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Liberally construed, the complaint states a cognizable § 1983 claim against Defendant deputy Martin for excessive force, regardless of whether the claim arises under the Eighth or Fourteenth Amendment. Liberally construed, the complaint also states a § 1983 claim against sergeant Ebeling for excessive force, based on the allegation that the sergeant stood by while excessive force was used on Saunders, apparently while doing nothing to stop it. *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).

The complaint lists lieutenant DeBiasio and deputy Tong as additional individual Defendants, but contains no allegations against them. These two individuals are DISMISSED because neither of them is alleged to have participated in the use of force or otherwise caused any violation of Plaintiff's constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

The City and County of San Francisco and the San Francisco Sheriff's Department are listed as Defendants, although the complaint has no allegations regarding these Defendants. It appears that Plaintiff has named them on a theory of respondeat superior, but that is an impermissible basis for § 1983 liability. A city or county (or a division thereof, such as the Sheriff's Department) may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not made any such allegations. The municipal defendant is DISMISSED without prejudice to Plaintiff alleging a *Monell* claim against the municipal defendant.

### III. CONCLUSION

1. The complaint states a cognizable § 1983 claim against San Francisco Sheriff's deputy T. Martin (#2123) and San Francisco Sheriff's sergeant Ebeling (#633) for excessive force. All other Defendants and claims are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon San Francisco Sheriff's deputy T. Martin (#2123) and San Francisco Sheriff's sergeant Ebeling (#633), who apparently are employed at the San Francisco County Jail # 2.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **January 18, 2013**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the

1  motion is due.  If Defendants file a motion for summary judgment, Defendants must provide to
2  plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a
3  motion.  *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).  If Defendants file a motion to
4  dismiss for non-exhaustion of administrative remedies, Defendants must provide to Plaintiff a notice
5  regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion.  *See*
6  *Stratton v. Buck*, No. 10-35656, slip op. 11477, 11483 (9th Cir. Sept. 19, 2012).

         b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **February 15, 2013**.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as she prepares her opposition to any motion for summary judgment.  Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as she prepares her opposition to any motion to dismiss.

         c.      If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 1, 2013**.

   4.      Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, slip op. at 11483-84.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his or her opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time she is moved to a new facility.

///
///
///
///

8. Plaintiff is cautioned that she must include the case name and case number for this case on any document she submits to this Court for consideration in this case.

IT IS SO ORDERED.

Dated: November 6, 2012

_____
EDWARD M. CHEN
United States District Judge