UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELESTE SAUNDERS,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*,<br><br>Defendants.<br>_____/ | No. C-12-2851 EMC (pr)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AND DENYING PLAINTIFF'S MOTIONS**<br><br>**(Docket Nos. 14, 21, 26)** |

## I. INTRODUCTION

On June 4, 2012, Plaintiff Angeleste Pauline Saunders, then incarcerated at the San Francisco County jail,[1] filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against the City and County of San Francisco, the San Francisco Sheriff's Department, Lieutenant DeBiasio, Sergeant Patrick Ebeling, Senior Deputy P. Tong and Deputy Tiffany Martin. Docket No. 1. On November 6, 2012, the Court issued an Order of Service, finding that Plaintiff had stated a cognizable claim against Deputy Martin and Sgt. Ebeling for excessive force and dismissing all other claims and Defendants. Docket No. 7. On January 15, 2013, Deputy Martin and Sgt. Ebeling filed a motion to dismiss, or in the alternative for summary judgment, based on Plaintiff's failure to exhaust administrative remedies and failure to update her address of record. Docket No. 14. Plaintiff has filed a motion to add parties, Docket No. 21, and a motion requesting a hearing, Docket

---

[1] Since Plaintiff filed this complaint, she has been released from custody.

No. 26. She has also filed several exhibits, *see* Docket Nos. 18, 22. However, she has not filed an opposition to the motion to dismiss.

For the reasons discussed below, the Court **GRANTS** Defendants' motion to dismiss for failure to exhaust administrative remedies and **DENIES** the motion to dismiss for failure to update address as moot. The Court **DENIES** Plaintiff's motions.

## II. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although previously within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA exhaustion requirement requires "proper exhaustion" of all available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Moreover, those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 534 U.S. at 524 (citation omitted). Even where the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.; Booth v. Churner*, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all inmate lawsuits pertaining to prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 532. The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance. *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010).

Nonexhaustion under § 1997e(a) is an affirmative defense, and is properly brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide

1 disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted the jail's or prison's administrative process, the proper remedy is dismissal without prejudice. *Id.*

### III. DISCUSSION

A. San Francisco County Jail Procedures

In support of their motion to dismiss, Defendants submit the declaration of Sheriff's Captain Takafumi Ideta, who has been employed by the San Francisco Sheriff's Department for twenty-seven years, three years of which has been as the Facility Commander of the County Jail where Plaintiff was incarcerated. Docket No. 16, Declaration of Captain Ideta ("Ideta Dec."). As Facility Commander, Captain Ideta oversaw the logging, reviewing and responses to prisoner grievances. Based on Capt. Ideta's experience as Facility Commander, and his other relevant experience in the Sheriff's Department, he is knowledgeable about the Sheriff's Department prisoner grievance procedures, and describes it as follows. Ideta Dec. at ¶ 3.

From March 2012 to the present, the Sheriff's Department had in place a written inmate grievance procedure. Ideta Dec., Ex. A. An inmate initiates the grievance procedure by submitting a completed grievance form. *Id.* at 3. Grievances against Sheriff's Department employees are sent directly to the Facility Commander. *Id.* at 6, ¶ F.2. The Facility Commander logs the grievance and must respond within seven days. *Id.* at 6, ¶ F.3. If the inmate is dissatisfied with the Facility Commanders' response, he or she can appeal to the Custody Division Commander, who has seven days to review the appeal and respond. *Id.* at 6, ¶¶ F.4-5.

The decision of the Custody Division Commander completes the appeals process and is final. *Id.* at 5, ¶ D.9. The Custody Division Commander's decision is sent to the inmate and the Facility Commander and includes a notice to the inmate that his or her administrative remedies have been exhausted. *Id.* at 5, ¶ D.10; 6, ¶ F.5.

B. Plaintiff's Grievance

Captain Ideta states that he received Plaintiff's grievance and, as Facility Commander for County Jail #2, where Plaintiff was housed, he responded by referring to Lt. DeBiasio's memo to Plaintiff explaining that her grievance had no merit. Ideta Dec. at ¶ 7. Captain Ideta also states that

he did not receive an appeal from Plaintiff to Custody Division Commander Chief Ellen Brin or a response from Chief Brin. Ideta Dec. at ¶ 8.

All inmate grievance forms and appeals submitted to the San Francisco Sheriff's Department are stored in the relevant jail facility. Docket No. 17, Declaration of Deputy Luigi Cauteruccio, Sheriff's Department Custodian of Records ("Cauteruccio Dec.") at ¶¶ 1, 3. Deputy Cauteruccio states that he has performed a routine search for grievances and appeals by Plaintiff and has found only a copy of her March 11, 2012 grievance against Defendants asserting a claim of excessive force. Cauteruccio Dec. at ¶ 4. He has also found the Facility Commander's response, dated March 26, 2012. *Id.* at ¶ 5. A routine search of the Department's files and records failed to produce any indication that Plaintiff appealed the denial of her grievance to then-acting Custody Division Commander, Chief Brin. *Id.* at ¶ 5.

The evidence submitted by Defendants satisfies their burden to establish that Plaintiff did not exhaust her administrative remedies before filing this action. Thus, their motion to dismiss must be granted unless Plaintiff submits evidence showing that she did, in fact, appeal Capt. Ideta's decision. Plaintiff's submissions do not provide evidence that she filed such an appeal.

On January 14, 2013, before Defendants filed their motion to dismiss, Plaintiff filed "Exhibits," which consist of copies of her original grievance and a memo from Senior Deputy P. Tong to Lt. DeBiasio describing the alleged excessive force incident and finding that Plaintiff's grievance regarding it had no merit. Docket No. 18. Plaintiff requests that the Court reconsider dismissing her claims against Deputy Tong and Lt. DeBiasio arguing that these documents show that they were involved in the "termination" of her grievance. These documents do not show that Plaintiff appealed the denial of her grievance. Because Defendants' motion to dismiss will be granted, to the extent this is a motion for reconsideration of the Court's Order of Service, it is denied as moot.

Plaintiff filed more "Exhibits" on January 29, 2013. Docket No. 22. In this filing, Plaintiff submits Deputy Cauteruccio's declaration addressing a different case, Case No. 12-4038 EMC (pr), *see* Docket No. 17, and requests that this declaration be stricken since it does not apply to her. Apparently, Defendants sent Plaintiff the wrong declaration. On January 30, 2013, Defendants

4

remedied this error by filing, with a proof of service to Plaintiff, Deputy Cauteruccio's declaration addressing Plaintiff's case. Docket Nos. 23, 24. Plaintiff's request to strike Deputy Cauteruccio's first declaration addressing Case No. 12-4038 EMC (pr) is granted. However, Deputy Cauteruccio's declaration addressing Plaintiff's case is not stricken. Furthermore, this "exhibit" does not show that Plaintiff appealed the denial of her grievance.

Plaintiff's motions also do not aid her in defending against the motion to dismiss. Her January 29, 2013 motion to add parties is another motion to reconsider the Court's Order of Service dismissing the claims against Lt. DeBiasio and Deputy Tong. In this motion, Plaintiff again references the interoffice memo which explained that her grievance was meritless and she argues that it shows that her grievance would not go any further. However, it was incumbent upon Plaintiff to appeal the denial of her grievance in order to exhaust her administrative remedies. Any argument she is making that an appeal would be futile is without merit. *See Booth*, 532 U.S. at 741 n.6 (stating courts should not read "futility or other exceptions" into § 1997e(a)); *Brown*, 422 F.3d at 934-35 (obligation to exhaust persists as long as some remedy is available). Plaintiff's evidence does not show that an appeal of the denial of her grievance was effectively unavailable. Therefore, she has not shown that an appeal would be futile. This second motion for reconsideration of the Court's Order of Service is denied.

On April 9, 2013, Plaintiff filed a Motion for a Hearing, in which she inquires as to the status of her case. This motion also does nothing to show that her administrative remedies have been exhausted. To the extent Plaintiff requests a hearing, the motion is denied as moot.

Because exhaustion of administrative remedies is required before a civil rights case may proceed in federal court and because the evidence shows that Plaintiff failed to exhaust her administrative remedies, Defendants' motion to dismiss based on lack of exhaustion is granted. Dismissal is without prejudice to Plaintiff refiling her excessive force claim against Sgt. Ebeling and Deputy Martin in a new action if she can show that she exhausted administrative remedies or that she is excused from doing so.

Because Defendants' motion to dismiss is granted for lack of exhaustion, their motion to dismiss for failure to provide a current address is denied as moot.

### IV. CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss for failure to exhaust administrative remedies is granted and their motion to dismiss for failure to provide a current address is denied as moot. Plaintiff's claim is dismissed without prejudice to refiling if she can show that she has exhausted it or is excused from doing so.

Plaintiff's motion to add parties is denied and her motion for a hearing is denied as moot. Deputy Cauteruccio's declaration addressing Case No. 12-4038 EMC (pr), Docket No. 17, is stricken.

The Clerk of the Court shall terminate all pending motions, enter judgment and close the file. This order terminates Docket Nos. 14, 21 and 26.

IT IS SO ORDERED.

Dated: July 17, 2013

_____
EDWARD M. CHEN
United States District Judge